**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LYNDSY JONES, SHADIY SMITH, | ) | |
| LaSHEAR ALLEN, JAKIA NEELEY and | ) | |
| TSEDKEYAH PITTMAN on behalf of | ) | |
| themselves and all | ) | |
| other plaintiffs similarly | ) | |
| situated known and unknown, | ) | |
| | ) | Case No.: |
| Plaintiffs, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | |
| SISTAR BEAUTY CORPORATION and | ) | |
| SANG W. LEW | ) | Magistrate Judge: |
| | ) | |
| Defendants. | ) | |

<u>**CLASS AND COLLECTIVE ACTION COMPLAINT**</u>

Plaintiffs Lyndsy Jones, Shadiya Smith, LaShear Allen, Jakia Neeley and Tsedkeyah Pittman  (hereafter Collectively "Plaintiffs"), on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys, for their Complaint against Sistar Beauty Corporation and Sang W. Lew (hereafter "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     This is an action for owed overtime wages against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA), and the Illinois Minimum Wage Law, 820 ILCS § 105/1, et seq. (IMWL). Plaintiffs and other similarly situated persons worked for Defendants in excess of forty (40) hours per week in one or more individual work weeks but were not paid one and one-half times their regular rate of pay for all overtime hours they worked.

2.     Plaintiffs brings their FLSA claim as a collective action under 29 U.S.C. § 216(b). Plaintiffs and other similarly-situated persons are non-salaried employees of Defendants who were not paid overtime wages for all hours worked over forty (40) in individual workweeks.

Plaintiffs bring their IMWL claim as a class action under Rule 23. Plaintiffs consent form to act as representative plaintiffs are attached hereto as Exhibit A.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over Plaintiffs FLSA claim pursuant to 28 U.S.C. § 1331, under 29 U.S.C. § 216(b).

4.     This Court has supplemental jurisdiction over Plaintiffs IMWL claim pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b)(1).

## THE PARTIES

6.     Plaintiff Shadiya Smith resides in and is domiciled in this judicial district.

7.     Plaintiff Lyndsy Jones resides in and is domiciled in this judicial district.

8.     Plaintiff LaShear Allen resides in and is domiciled in this judicial district.

9.     Plaintiff Tsedkeyah Pittman resides in and is domiciled in this judicial district.

10.     Defendant Sistar Beauty Corporation ("Sistar") is an Illinois corporation with an office in this judicial district. It has an on-line presence from sistawig.com where it claims to be the "largest retailer" of beauty and hair supplies.  It sells products such as wigs and hair extensions.   Its main location is a 46,000+ square foot location at 8900 S. Lafayette Ave, in Chicago.

11.     Defendant Sang W. Lew resides in and is domiciled in this judicial district.   He is the President of Sistar and upon information and belief directs and controls its operations.

12.     Plaintiffs are current and former employees employed to assist customers and perform other work duties.   During the course of their employment, they regularly worked in excess of 40 hours per week. At various times, the Plaintiffs were provided with checks for their

work and at other times they were paid in cash.

13.     Throughout the course of their employment, Defendants have paid Plaintiffs on an hourly basis, typically at or near minimum wage.

14.     Plaintiffs' are employed by Defendants as an "employee," as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

15.     Plaintiffs' are employed by Defendants as an "employee" as that term is defined by the IMWL, 820 ILCS 105/3.

16.     Plaintiffs are not exempt from the overtime provisions of the FLSA and the IMWL.

17.     Sistar is an "enterprise" as that term is defined under the FLSA, 29 U.S.C. § 203(r)(l), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(l)(A) of the FLSA, 29 U.S.C. § 203(s)(l)(A).

18.     Sistar engages in extensive interstate commerce by conducting sales throughout the United States through the Internet.   Sistar owns and operates the Sistawig.com Internet site.

19.     Defendants are Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

20.     Defendants are Plaintiffs' "employer" as that term is defined by the IMWL, 820 ILCS 105/3.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime**
**(Collective Action - Plaintiffs on behalf of themselves and others similarly situated)**

21.     Plaintiffs' hereby reallege and incorporate paragraphs 1 through 20 of this Complaint, as if fully set forth herein.

22.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29

U.S.C. § 201, et seq., for its failure to pay overtime wages to Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours in one or more individual work weeks.

23.     In one or more individual work weeks during the previous year, Plaintiffs worked in excess of forty (40) hours per week for Defendants'.

24.     Pursuant to 29 U.S.C. § 207, Plaintiffs' were entitled to be paid at a rate of one and one-half times their regular rate of pay for all time they worked in excess of forty (40) hours in individual work weeks.

25.     Defendants did not pay Plaintiffs' one and one-half times their regular rate of pay for all time they worked in excess of forty (40) hours during individual work weeks.

26.     In one or more individual work weeks during the previous year, other similarly-situated employees worked in excess of forty (40) hours per week for Defendants, but were not paid one and one-half times their regular rate of pay for the time they worked in excess of forty (40) hours.

27.     Defendants' failure to pay overtime pay to Plaintiffs in one or more individual work weeks for the time they worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

28.     Defendants' failure to pay overtime pay to employees similarly situated to Plaintiff in one or more individual work weeks for the time they worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

29.     Defendants willfully violated the FLSA by failing to pay Plaintiffs and similarly situated employees overtime pay for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     A judgment in the amount of one-half times Plaintiffs and similarly situated employees' regular rate for all time they worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found to be due;

C.     Reasonable attorneys' fees;

D.     Costs incurred in filing this action; and

E.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime
### (Rule 23 Class Action)

30.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

31.     This count arises from Defendants violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820ILCS 105/4a. Plaintiffs' bring this action pursuant to 820 ILCS 105/12(a).

32.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours.

33.     In one or more individual work weeks, Defendants did not pay Plaintiffs and similarly situated other employees one and one-half times their regular rate of pay for all time they worked in excess of forty (40) hours per week.

34.     Defendants violated the IMWL by failing to pay Plaintiffs and similarly situated other employees one and one-half times their regular rate for the time they worked in excess of

forty (40) hours per week.

35.    Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover overtime wages for up to three years prior to filing this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiffs prays for a judgment against Defendants as follows:

A.    A judgment in the amount of one-half times Plaintiffs regular rate for all time they worked in excess of forty (40) hours per week;

B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    Reasonable attorneys' fees;

D.    Costs incurred in filing this action;

E    The Certification of this claim as a Class Action under Federal Rule of Civil Procedure 23 and

E.    Such other and further relief as this Court deems appropriate and just.

Dated: April 16, 2015                    Respectfully Submitted,

By:    /s/ David Fish
       One of Plaintiffs Attorneys

**DEMAND FOR JURY TRIAL**

David Fish
Sarmistha Banerjee
The Fish Law Firm, P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
T: 630-355-7590
F: 630-778-0400