IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHADIYA SMITH, LYNDSY JONES, LaSHEAR ALLEN, JAKIA NEELEY and TSEDKEYAH PITTMAN on behalf of themselves and all other plaintiffs similarly situated known and unknown, | ) ) ) ) ) ) ) | Case No.: 15 cv- 3359 |
| Plaintiffs, | ) ) ) | Judge: Honorable James B. Zagel |
| v. | ) ) | |
| SISTAR BEAUTY CORPORATION and SANG W. LEW | ) ) ) | Magistrate Judge: Honorable Susan E. Cox |
| Defendants. | ) ) | |

## AGREED MOTION FOR ENTRY OF JUDGMENT
## IN FAVOR OF CLASS AND FOR NOTICE

NOW COMES the Plaintiffs and Defendants and hereby move this Honorable Court for Entry of Judgment in Favor of the Class and For Notice. In support thereof, the parties state as follows:

1. On April 16, 2015, Plaintiffs filed their Collective Action And Class Action Complaint. [Dkt. #1, "Complaint"] Plaintiffs alleged claims under the Fair Labor Standards Act (Count I) and the Illinois Minimum Wage Law (Count II).

2. On April 16, 2015, Plaintiffs also filed a Motion For Certification As A Collective Action And Class Action. [Dkt. #10] On October 27, 2015, the Court certified a Class pursuant to Fed. R. Civ. Pro. 23(a). [Doc. #43]

3. On September 9, 2015, the Plaintiffs filed a Motion for Judgment on the Pleadings pursuant to F.R.C.P. 12(c). [Doc. #74] On October 27, 2015, the Court, by agreement, entered judgment in favor of the Plaintiffs and the Class and against the Defendants

for the relief sought in Counts I and II of the Complaint. [Doc. #43] At this time, the Court further ordered the Parties to cooperate to compute the relief that was owed to the Plaintiffs and the Class. [Id.]

4. The Defendants tendered to Class Counsel employment records that purport to show the overtime hours worked by the Plaintiffs and the Class. Based upon these records, counsel for the Defendants and Class Counsel have come to an agreement as to the Defendants' overtime obligations as to each Plaintiff and Class Member. Each Class Member who did not turn in the Opt-In form will receive: (a) 100% of their unpaid overtime compensation owed; plus (b) interest at a rate of 2% per month for every month the overtime was unpaid through March 31, 2016. Each named Plaintiff and Class Member who turned in the Opt-In form will receive: (a) 100% of their unpaid overtime compensation owed; plus (b) liquidated damages equal to the amount of unpaid overtime compensation, plus (c) interest at a rate of 2% per month through March 31, 2016. No attorneys' fees will be taken out of the Class recovery. The parties have prepared a proposed Judgment Order [Exhibit A] that includes an Appendix 1 containing a list of each Class Member and the amount that they will receive (excluding withholdings).

5. In the event that any Class Member chooses to opt out of this class and/or collective action and not receive payment, the Parties have agreed to the attached Notice [Exhibit B] that, upon approval, will be sent to the Class Members by Class Counsel. Class Members will have 30 days to opt out of this case.

6. Each Class Member who does not opt out will be mailed a check by the Defendants on or before March 31, 2016. The payments shall be made by check and mailed via First Class Mail to each Class Member at his or her last known address. By April 28, 2016, Defendants shall provide to the Plaintiffs' Counsel proof of mailing by providing the address and

amount of the payment that was sent to each Plaintiff along with a certification, under oath, that the aforementioned payments were made. If any checks are returned for any reason, the Defendants shall provide to the Class Counsel the Plaintiff and/or Class member's last known telephone number. Class Counsel will then attempt to call the Plaintiff and/or Class member to ascertain if an updated address is available. If such an updated address is available, the Defendants will send the check to the new address. On June 1, 2016, Defendants will provide Class Counsel with an accounting of all un-cashed checks by providing a list of all Plaintiffs and Class Members who were sent a check but for which the check was not cashed. At this time, the Defendants will send replacement checks to the Illinois Treasurer Unclaimed Property Division so that the payments are held by the Illinois Treasurer in the name of the individual Plaintiffs and Class Members. Defendants will provide Class Counsel with proof of such actions on or before June 15, 2016.

7. The Parties will cooperate to come to an agreement as to the amount of reasonable attorney fees and costs. If they are unable to do so, then within 90 days, Plaintiffs Counsel shall file a petition for attorney fees and costs.

WHEREFORE, the parties request that:

(a) The Court authorize the sending of the Class Notice in substantially the form of Exhibit B;

(b) The Court enter the attached Judgment Order; and

(c) For such other relief as this Court deems appropriate.

| | |
|---|---|
| Dated: February 15 2016 | Respectfully submitted, |

By: <u>/s/ David J. Fish</u>  
    One of Plaintiffs' Attorneys

By: <u>/s/ John Walker</u>  
    Attorney for Defendants

David Fish  
Kimberly A. Hilton  
The Fish Law Firm, P.C.  
200 E. Fifth Ave, Suite 123  
Naperville, Illinois 60563  
630.355.7590

John N. Walker  
Waveland Law Group LLC  
55 West Wacker Drive  
14th Floor  
Chicago, Illinois 60601  
312.446.7745